UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ZALMAN, individually and as heir and successor in interest to MARTHA PARMELEE,<br><br>Plaintiff,<br><br>v.<br><br>WINDSOR VALLEJO CARE CENTER, LLC dba WINDSOR VALLEJO NURSING & REHABILITATION CENTER; DOES 1–50; and DOES 51–60,<br><br>Defendants. | No. 2:21-cv-01395-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendant Windsor Vallejo Care Center, LLC's ("Defendant") Motion to Dismiss (ECF No. 3) and Plaintiff James Zalman's ("Plaintiff") Motion to Remand (ECF No. 6). Both parties filed oppositions and replies. (ECF Nos. 6, 8, 11.) For the reasons set forth below, Plaintiff's motion is GRANTED and Defendant's motion is DENIED as moot.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises from Defendant's alleged neglect and deliberate disregard for the health and safety of Martha Parmelee, who was a resident at Defendant's skilled nursing facility. (*See* ECF No. 1-1.) Plaintiff alleges that as a result of Defendant's abuse and neglect, Martha Parmelee contracted COVID-19, which caused her pain and suffering and led to her rapid decline and untimely death on September 14, 2020. (*Id.* at 4–5.) Plaintiff filed this action in Solano County Superior Court on June 14, 2021, alleging claims for elder abuse, negligence, and wrongful death. (*Id.* at 3.) Defendant removed the action to this Court on August 5, 2021. (ECF No. 1.) Plaintiff filed the instant motion on September 10, 2021. (ECF No. 6.)

### II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

2

A corollary to the "well-pleaded complaint rule" is the "complete preemption" doctrine. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Under this doctrine, the preemptive force of a federal statute may be strong enough to convert state law claims into federal claims. *Id.* Complete preemption recognizes the importance of creating a single body of federal law for areas that would likely "be affected by separate systems of substantive law." *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962).

### III. ANALYSIS

Plaintiff argues the Public Readiness and Emergency Preparedness ("PREP") Act does not "completely preempt" the state law claims in the Complaint to serve as a basis for federal jurisdiction. (ECF No. 6 at 17–18.) Specifically, Plaintiff contends the available remedy to an injured plaintiff under the PREP Act is an administrative process through the Covered Countermeasure Process Fund administered by the Secretary of Health and Human Services ("HHS"), and therefore the PREP Act does not create original jurisdiction in the federal courts.[1] (*Id.* at 19, 21 (citing 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)(1)).)

In opposition, Defendant asserts "the PREP Act provides for broad immunity, preempts conflicting state laws, creates an exclusive federal cause of action for willful misconduct to be heard in an exclusive federal venue, and establishes an administrative remedy supported by a no-fault benefits compensation fund." (ECF No. 8 at 13 (citing 42 U.S.C. §§ 247d-6d(a)(1)–(2), (d)(1), (e)(1), (e)(5), 247d-6e(d)(1)).) Defendant also asserts that the declarations of the HHS Secretary and the HHS Office of General Counsel Advisory Opinions stating that the PREP Act completely preempts state law "must be given *Chevron* controlling weight." (*Id.* at 19–20 (citing

---

[1] Plaintiff argues Defendant has alleged a form of *Garmon* preemption, which the Ninth Circuit has found cannot sustain a claim of complete preemption. (ECF No. 6 at 21–23 (citing *San Diego Bldg. Trade Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959)).) Because Defendant does not address this argument in its opposition, the Court declines to address arguments related to the issue herein. The parties also dispute whether the PREP Act falls within the *Grable* doctrine. (ECF No. 6 at 23–24; ECF No. 8 at 14–15 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005)).) The Court declines to address arguments related to this issue as well because it is not necessary for resolution of the instant motion.

*Chevron USA, Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984)).)[2] Defendant maintains the PREP Act explicitly states an intention to preempt state control of these issues, as it provides that:

> [N]o State . . . may establish, enforce, or continue in effect with respect to a covered countermeasure any provision of law or legal requirement that . . . (A) is different from, or is in conflict with, any requirement applicable under this section; and (B) relates to the . . . use, . . . dispensing, or administration by qualified persons of the covered countermeasure.

(*Id.* at 17 (citing 42 U.S.C. § 247d-6d(b)(8)).)

Plaintiff did not file a reply, but filed a notice of supplemental authority in which he highlights Ninth Circuit cases that affirm district court orders granting plaintiffs' motions to remand based on the fact that plaintiffs' claims were not completely preempted by the PREP Act. (ECF No. 13 at 1 (citing *Saldana v. Glenhaven Healthcare, LLC*, 27 F.4th 679 (9th Cir. 2022); *Martin v. Filart*, No. 20-56067, 2022 WL 576012 (9th Cir. Feb. 25, 2022)).) Plaintiff notes the Ninth Circuit in both *Saldana* and *Martin* unanimously denied the petition for panel rehearing and for rehearing *en banc*. (*Id.* at 2.)

The PREP Act provides that "a covered person shall be immune from suit and liability under Federal and State law with respect to all claims caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure . . . ." 42 U.S.C. § 247d-6d(a)(1). It also provides that if the HHS Secretary "makes a determination that a disease or other health condition or other threat to health constitutes a public health emergency . . . the Secretary may make a declaration . . . recommending . . . the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures[.]" *Id.* § 247d-6d(b)(1). The PREP Act also established the Covered Countermeasure Process Fund "for purposes of providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the

---

[2] In short, the Supreme Court held in *Chevron* that where "legislative delegation to an agency on a particular question is implicit rather than explicit . . . a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." 467 U.S. at 844.

administration or use of a covered countermeasure pursuant to such a declaration[.]" *Id.* § 247d-6e(a).

The Ninth Circuit has indeed held the PREP Act is not a complete preemption statute. *Saldana*, 27 F.4th at 688. Specifically, the court found that Congress did not intend to displace a state law cause of action nor did it provide a substitute cause of action, as "[t]he text of the statute shows that Congress intended a federal claim only for willful misconduct claims and not claims for negligence and recklessness." *Id.* (citing 42 U.S.C. § 247d-6d(c)(1)(B)). Further, the court noted that "[a]n administrative compensation fund, not an exclusive federal cause of action, provides the only redress for claims brought under the Act, other than those alleging 'willful misconduct.'" *Id.* The court also rejected the defendant's complete preemption argument based on the HHS Secretary's and the HHS Office of General Counsel's conclusions that the PREP Act is a complete preemption statute, noting that complete preemption is jurisdictional and "an agency's opinion on federal court jurisdiction is not entitled to *Chevron* deference." *Id.* at 687. The Ninth Circuit, citing its decision in *Saldana*, also found that the PREP Act did not completely preempt a plaintiff's claims for elder abuse and neglect, negligence, wrongful death, fraudulent concealment, and fraudulent misrepresentation, as the PREP Act "is not one of those 'rare' statutes 'where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action.'" *Martin*, 2022 WL 576012, at *1 (citing *Saldana*, 27 F.4th at 688).

In light of the foregoing case law, the Court agrees with Plaintiff that the PREP Act does not completely preempt the claims in the Complaint. Specifically, the Court finds that Plaintiff's claims for elder abuse, negligence, and wrongful death are not completely preempted as the PREP Act does not "entirely supplant[] state law causes of action" and Plaintiff's claims do not allege willful misconduct. *Saldana*, 27 F.4th at 687–88. The Court further rejects Defendant's argument that the HHS Secretary's declarations and the HHS Office of General Counsel Advisory Opinions are entitled to *Chevron* deference. *Id.* at 687. Finally, the Court notes that Defendant does not assert any other basis for federal jurisdiction besides complete preemption of the PREP Act. (*See* ECF Nos. 1, 8.) Accordingly, Plaintiff's motion to remand is GRANTED.

///

### IV. CONCLUSION

Based on the foregoing, the Court hereby GRANTS Plaintiff's Motion to Remand (ECF No. 6) and DENIES Defendant's Motion to Dismiss as moot (ECF No. 3). The case is remanded to Solano County Superior Court and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

**DATED: July 22, 2022**

_____
Troy L. Nunley
United States District Judge